IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DOMINIC JAMES FAJOHN, Petitioner, | ) | |
| | ) | |
| v. | ) | Civil Action No. 05-1581 |
| | ) | Chief Judge Donetta W. Ambrose |
| RICHARD GIGLIOTTI, Warden Respondent. | ) | Magistrate Judge Amy Reynolds Hay |

REPORT AND RECOMMENDATION

I. RECOMMENDATION

It is respectfully recommended that the Petition for Writ of Habeas Corpus be denied and that a certificate of appealability be denied.

II. REPORT

Petitioner, Dominic James FaJohn, a pretrial detainee in the Butler County Prison currently awaiting trial, has filed a Petition for Writ of Habeas Corpus wherein he raises the following claims for relief.

1. The prosecution of the pending charges against him are in violation of the Double Jeopardy Clause of the Fifth Amendment.

2. Petitioner is being held in violation of the Eighth Amendment's protections against excessive bail.

**A. Relevant Factual and Procedural History**

The Superior Court of Pennsylvania summed up the relevant facts as follows.

On December 17, 2002, a Butler police officer filed a criminal complaint against Appellant charging him at CA # 237 with seven counts each of forgery, bad checks, theft by deception, and receiving stolen property. These charges arose out of Appellant's use of a computer to create counterfeit checks, and his use of the bogus checks to purchase merchandise at various local retail establishments. Although the checks were drawn on three different banks, each check bore the same account number. Appellant did not have a checking account at any of the three banks. On April 9, 2003, he entered into a negotiated plea to seven counts of forgery.

Additionally, Appellant was charged at CA #606 of 2003 with two counts each of forgery, bad checks, theft by deception, and receiving stolen property, following a Slippery Rock police officer's investigation of two counterfeit checks cashed by Appellant at the Slippery Rock Federal Credit Union. The checks were dated October 28, 2002, and were drawn on a bank at which Appellant did not have an account. On May 14, 2003, Appellant again pleaded guilty pursuant to a negotiated agreement to two counts of forgery. He was sentenced in both cases on June 11, 2003, to an aggregate term of 11½ to 23 months' incarceration followed by 48 months probation.

The current prosecution commenced on April 21, 2003, when a Butler Township police officer charged Appellant with one count each of theft by deception, receiving stolen property, and identity theft. The Commonwealth contends that Appellant unlawfully used another person's social security number to obtain a credit card, and that he used the credit card for purchases and a cash withdrawal. Appellant was also charged with one count of theft by deception and one count of receiving stolen property in connection with his presentation of four fraudulent checks to various post offices

> throughout Butler County as payment for services. On July 29, 2003, Appellant filed a Motion to Dismiss the current charges pursuant to 18 Pa.C.S.A. § 110 on the basis of the former prosecutions. The trial court denied the Motion by Order dated October 8, 2003. This timely appeal followed.

Superior Court Memorandum, September 8, 2004 (attachment 3, doc. no. 7). The Superior Court affirmed the trial court's order denying Petitioner relief on September 8, 2004.

Petitioner was arrested for the current charges on May 1, 2003 and he was released on bail on his own recognizance. On May 6, 2005, bail was changed to $5,000.00. Petitioner currently is awaiting trial on the pending charges.

**B. Exhaustion Requirement in Habeas Corpus Review**

The provisions of the federal habeas corpus statute at 28 U.S.C. § 2254(b) require a state prisoner to exhaust available state court remedies before seeking federal habeas corpus relief. To comply with the exhaustion requirement, a state prisoner first must have fairly presented his constitutional and federal law issues to the state courts through direct appeal, collateral review, state habeas proceedings, mandamus proceedings, or other available procedures for judicial review. See, e.g., Castille v. Peoples, 489 U.S. 346, 351 (1989); Doctor v. Walters, 96 F.3d 675, 678 (3d Cir. 1996); Burkett v. Love, 89 F.3d 135, 137 (3d Cir. 1996).

The Court's initial inquiry regarding the exhaustion requirement is whether petitioner "fairly presented" his federal claims to the state courts. To meet the fair presentation criterion, the same factual and legal bases for a claim must be presented to the state court to allow the state a reasonable opportunity to address the claim and correct any violation of federal rights. Duncan v. Henry, 115 S.Ct. 887, 888 (1995) (per curiam). "Fair presentation requires that, before a particular claim may be asserted in federal court, the same method of analysis must have been made available to the state court." Chaussard v. Fulcomer, 816 F.2d 925, 928 (3d Cir.), cert. denied, 484 U.S. 845 (1987).

The second criterion of the exhaustion requirement requires a petitioner to "properly" present his claims to the requisite state courts. In this regard, a petitioner must present every claim raised in the federal petition to the state's trial court, intermediate appellate court and highest court in accordance with the state's applicable procedural rules before exhaustion will be considered satisfied. Doctor v. Walters, 96 F.3d at 678; Evans v. Court of Common Pleas, Delaware County, 959 F.2d 1227, 1230 (3d Cir. 1992), cert. denied, 506 U.S. 1089 (1993).

Exhaustion is not a jurisdictional limitation, however, and federal courts may review the merits of a state petitioner's

claims prior to exhaustion when no appropriate state remedy exists. Christy v. Horn, 115 F.3d 201, 206 (3d Cir. 1997); Doctor, 96 F.3d at 681; Carter v. Vaughn, 62 F.3d 591, 594 (3d Cir. 1995). Moreover, a federal court may deny a petitioner's claims on the merits notwithstanding a petitioner's failure to comply with the exhaustion requirement. See 28 U.S.C. § 2254(b)(2) (as amended by The Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 142 Cong. Rec. H3305-01 (1996). Because it is clear that neither of Petitioner's claims has any merit, the district court should deny his claims in accordance with 28 U.S.C. § 2254(b)(2).

**C. Standard of Review**

Section 2254 of the federal habeas corpus statute provides the standard of review for federal court review of state court criminal determinations. 28 U.S.C. § 2254. Specifically, a federal court must accord a presumption of correctness to a state court's factual findings, which a petitioner can rebut only by clear and convincing evidence. 28 U.S.C. § 2254(e). Where a state court's factual findings are not made explicit, a federal court's "duty is to begin with the [state] court's legal conclusion and reason backward to the factual premises that, as a matter of reason and logic, must have undergirded it." Campbell v. Vaughn, 209 F.3d 280, 289 (3d Cir. 2000). In determining what implicit factual findings a state court made in reaching a

conclusion, a federal court must infer that the state court applied federal law correctly. Id. (citing Marshall v. Lonberger, 459 U.S. 422, 433 (1982)).

A federal court may not issue the writ unless it concludes that the state court's adjudication resulted in a decision that was "contrary to," or an "unreasonable application of," clearly established federal law as determined by the Supreme Court of the United States. 28 U.S.C. § 2254(d)(1). The Supreme Court has clarified that a federal habeas court making the unreasonable application inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable. Williams v. Taylor, 529 U.S. 362, 409 (2000). "Under §2254(d)(1)'s unreasonable application clause, then, a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." Id. at 411. These standards apply to mixed questions of fact and law, such as whether trial counsel provided effective assistance of counsel. Werts v. Vaughn, 228 F.3d 178, 204 (3d Cir. 2000), cert. denied, 121 S.Ct. 1621 (2001). Finally, where the state court fails to adjudicate or address the merits of a petitioner's claims, the federal habeas court must conduct a *de novo* review over pure legal questions and

mixed questions of law and fact. Appel v. Horn, 250 F.3d 203, 210 (3d Cir. 2001).

**D. Double Jeopardy**

Petitioner first claims that the prosecution of the pending charges violates "Double Jeopardy." The Double Jeopardy Clause of the Fifth Amendment, applicable to the States through the Fourteenth Amendment,[1] provides: "[N]or shall any person be subject for the same offence to be twice put in jeopardy of life or limb." U.S. Const., Amdt. 5. The guarantee against double jeopardy consists of three separate constitutional protections: 1) it protects against a second prosecution for the same offense after acquittal; 2) it protects against a second prosecution for the same offense after conviction; and 3) it protects against multiple punishments for the same offense. Stiver v. Meko, 130 F.3d 574 (3d Cir. 1997) (quoting United States v. Halper, 490 U.S. 435, 440 (1989)).

The seminal case describing the parameters of the Double Jeopardy Clause with respect to multiple punishments is Blockburger v. United States, 284 U.S. 299 (1932).

> The applicable rule is that where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not.

---

[1] Benton v. Maryland, 395 U.S. 784 (1969).

284 U.S. at 304.

In the case at bar, the trial court concluded that each of the pending offenses required different proof than those charges for which Petitioner had pleaded guilty. Specifically, the trial court noted that the charges at CA no. 237 of 2003 involved counterfeit checks drawn on Citizens National Bank of Evans City, Butler Armco Employees Credit Union and Columbus Bank and Trust, which were used to pay for merchandise at various local establishments. The charges at CA no. 606 of 2003 involved two counterfeit checks dated October 28, 2002 drawn on the Citizen's National Bank of Evans City presented by Petitioner to the Slippery Rock Federal Credit Union in exchange for money. The pending charges, based on two different factual scenarios, were distinctly different from the previous charges. Counts one through three relate to credit card fraud whereby Petitioner is accused of using another person's social security card to obtain a credit card and used that card for merchandise and a cash advance. Counts four and five relate to allegations that Petitioner presented counterfeit checks as payment for services at three branches of the Post Office. The checks were written over various dates and presented to three separate postal offices; the checks at CA no. 606 all were written on a single date and presented in exchange for cash from a single victim, the Slippery Rock Federal Credit Union. Thus, the court concluded

that the facts, evidence and witnesses in each case were distinct from the previous charges to which Petitioner had pleaded guilty.

Petitioner has not provided any evidence to this Court to demonstrate that the trial court's findings are not supported by the evidence. Nor has he demonstrated that the Superior Court's determination affirming the trial court is contrary to, or an unreasonable application of, clearly established federal or constitutional law regarding the Double Jeopardy Clause as set forth by the United States Supreme Court. Thus, he has set forth no basis upon which this Court could conclude that prosecution of the pending charges violates the Double Jeopardy Clause. Consequently, Petitioner has not demonstrated that he is entitled to federal habeas corpus relief with respect to his first claim.

**E. Excessive Bail**

Second, Petitioner asserts that his confinement violates the Eight Amendment's prohibition on excessive bail. In this regard, the Eighth Amendment of the United States Constitution provides that "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." U.S. Const. Amend. VIII. The Supreme Court has instructed that a person arrested for a non-capital offense is entitled to release upon bail. Stack v. Boyle, 342 U.S. 1, 4 (1951).

> . . . This traditional right to freedom before conviction permits the unhampered

> preparation of a defense, and serves to prevent the infliction of punishment prior to conviction. Unless this right to bail before trial is preserved, the presumption of innocence, secured only after centuries of struggle, would lose its meaning.
>
> The right to release before trial is conditioned upon the accused's giving adequate assurance that he will stand trial and submit to sentence if found guilty. Like the ancient practice of securing the oaths of responsible persons to stand as sureties for the accused, the modern practice of requiring a bail bond or the deposit of a sum of money subject to forfeiture serves as additional assurance of the presence of an accused. Bail set at a figure higher than an amount reasonably calculated to fulfill this purpose is 'excessive' under the Eighth Amendment.

Stack, 324 U.S. at 5 (internal quotations and citations omitted).

It is the Petitioner's burden to prove that bail is excessive. Petitioner's bail is set at $5,000.00. He has not made any showing that it is excessive or that he has made an unsuccessful effort to furnish bail. Nor has he shown that bail was set at a figure higher than an amount reasonably calculated to assure his presence at trial. Consequently, Petitioner has not alleged a violation of his constitutional rights with regard to his excessive bail claim. Cf. Commonwealth v. Segers, 460 Pa. 149, 153, 331 A.2d 462, 465 (1975) (holding that $45,000.00 bail not excessive).

**F. Certificate of Appealability**

The Antiterrorism and Effective Death Penalty Act of 1996 included several major reforms to the federal habeas corpus

laws. Section 102 of the Act (28 U.S.C. § 2253(c) (as amended)) codifies standards governing the issuance of a certificate of appealability for appellate review of a district court's disposition of a habeas petition. Amended section 2253 provides that "[a] certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." In the case at bar, Petitioner has not made any showing that he has been denied any of his constitutional rights. Accordingly, a certificate of appealability should be denied.

**III. CONCLUSION**

It is respectfully recommended that the Petition for Writ of Habeas Corpus be denied and that a certificate of appealability be denied.

In accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.1.4(B) of the Local Rules of Court, the parties are allowed ten (10) days from the date of service to file objections to this report and recommendation. Any party opposing the objections shall have seven (7) days from the date of service of objections to respond thereto. Failure to

file timely objections may constitute a waiver of any appellate rights.

Respectfully submitted,

/s/ Amy Reynolds Hay
AMY REYNOLDS HAY
United States Magistrate Judge

Dated: 15 February, 2006.

cc: Hon. Donetta W. Ambrose
Chief United States District Judge

Dominic James Fajohn
Butler County Prison
121 Vogeley Way
Butler, PA 16001

William Thomas Fullerton, Esquire
Office of the District Attorney
Butler County Courthouse
Main Street
P.O. Box 1208
Butler, PA 16003